PROB. 12B
(7/93)

**ORIGINAL**

# United States District Court

## for the

## DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 2 9 2006

at \_\_\_\_ o'clock and \_\_\_\_ min. \_\_\_\_ M
SUE BEITIA, CLERK

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: RHUDEL GAWAT GASTON    Case Number: CR 01-00194SOM-01

Name of Sentencing Judicial Officer:  The Honorable Susan Oki Mollway
                                      U.S. District Judge

Date of Original Sentence:  1/30/2002

Original Offense:   Count 1:  Attempt to Export Five Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 963, 953(a), 960(a)(1), and 960(b)(2)

Count 2: Failure to Report Transportation of Monetary Instruments of More Than $10,000, in violation of 31 U.S.C. §§ 5316(a)(1)(A) and 5322(b)

Count 3: Criminal Forfeiture, in violation of 31 U.S.C. § 5317(c) and 18 U.S.C. § 982(a)(1)

Original Sentence:  Thirty-seven (37) months imprisonment as to Counts 1 and 2, to be served concurrently, followed by three (3) years supervised release as to Counts 1 and 2, to be served concurrently. The following special conditions were ordered: 1) that the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; and 2) that the defendant provide the Probation Office access to any requested financial information.

Type of Supervision:  Supervised Release    Date Supervision Commenced:  10/3/2003

## PETITIONING THE COURT

[✓]    To modify the conditions of supervision as follows:

**General Condition**:    That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of

supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

**Special Condition No. 1:** That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

**Special Condition No. 3:** That the defendant shall participate in Narcotics Anonymous or Alcoholics Anonymous twice weekly during the term of supervised release.

## CAUSE

On 2/21/2004, a Report on Offender Under Supervision informed the Court that on 2/1/2004, the offender was arrested for Use of Intoxicant While Operating a Vehicle, in violation of Hawaii Revised Statutes § 291E, a petty misdemeanor. The Court agreed not to take adverse action against the offender given that he denied alcohol use, and the case was set for trial in state district court.

On 9/21/2004, the offender was convicted of Use of Intoxicant While Operating a Vehicle. Thereafter, he appealed his conviction which was denied by the Intermediate Court of Appeals, State of Hawaii, sometime in Fall 2005.

On 10/13/2005, the offender reported to the Probation Office and was informed by this officer that he was in violation of his supervision for: 1) being untruthful regarding alcohol use on or around 2/1/2004; and 2) having been convicted of a state crime. The offender subsequently agreed to participate in substance abuse treatment and testing in lieu of revocation proceedings.

On 10/17/2005, the offender commenced substance abuse treatment and testing at Hina Mauka - Waipahu (HM-W).

The offender has violated the following terms of supervised release since 10/17/2005.

### Violation No. 1 - Refusal to submit to substance abuse testing on 10/24/2005:

On 10/25/2005, HM-W informed this officer that the offender failed to submit to drug testing on 10/24/2005. Subsequently, the offender was contacted and questioned concerning his violation. The offender reported that he failed to call HM-W on 10/24/2005 for the following day's testing schedule. The offender was warned about further no-shows for drug testing.

### Violation No. 2 - Admission of illicit drug possession and use on 12/11/2005:

On 12/13/2005, HM-W informed this officer that the offender's 12/12/2005 urine specimen tested positive for methamphetamine and was sent for further testing.

On 12/13/2005, the offender telephonically reported to this officer that he "made a mistake" in that he "smoked ice" with friends on 12/11/2005. Upon questioning, the offender denied that he had been smoking continuously while on supervision. This officer informed the offender that he was in violation of his supervision and that the Court would be notified. Subsequently, the offender was instructed to report back to drug treatment at HM-W. Additionally, the offender was placed in the most intensive drug testing regimen. At the recommendation of the offender's drug counselor, the offender was also required to attend Narcotics Anonymous meetings twice weekly as part of his treatment.

On 12/19/2005, Scientific Testing Laboratories, Inc. (STLI) informed this officer that the offender's 12/12/2005 urine specimen was negative for illicit drugs, including methamphetamine.

### Violation No. 3 - Refusal to participate in substance abuse treatment on 12/29/2005; and refusal to submit to substance abuse testing on 1/22/2006 and 2/17/2006:

On 12/30/2005, HM-W informed this officer that the offender failed to report for substance abuse treatment on 12/29/2005. When questioned by this officer, the offender apologized and reported that although he remembered to submit to drug testing on 12/29/2005, he failed to remember about his substance abuse treatment session. In this regard, the offender related that after submitting to drug testing, he immediately left HM-W to go to work. The offender was warned to continue with substance abuse treatment and testing.

On 1/23/2006, HM-W informed this officer that the offender failed to submit to drug testing on 1/22/2006. Upon questioning by this officer, the offender reported that he failed to submit to drug testing because he did not call HM-W on 1/21/2006 to determine whether he needed to submit to drug testing on 1/22/2006. In this regard, the offender reported that he "did not know" HM-W was open for drug testing on Sundays. This officer advised the offender that he was in violation of his supervision for refusing to submit to drug testing. This officer reminded the offender that he previously participated in the federal drug testing program and previously submitted to drug tests Sunday through Saturday.

On 2/21/2006, HM-W informed this officer that the offender failed to submit to drug testing on 2/17/2006. Upon questioning, the offender apologized for missing his 2/17/2006 drug test and related something to the effect that he was "busy" that day. This officer did not question the offender regarding the violation any further.

Prob 12B
(7/93)

4

    In light of the offender's violations, the offender agrees that as a risk control measure, he would participate in drug testing and community-based support programs+ throughout the remainder of his term of his supervision.  In this regard, the offender agreed that he would continue to submit to drug testing in his current drug testing regimen before moving to a less restrictive testing regimen.  The offender also agreed that after completing the substance abuse program at HM-W, he will participate in random drug testing by the Probation Officer.  Additionally, in light of the offender's positive drug test and state conviction for Use of Intoxicant While Operating a Vehicle, the offender will continue to participate in Narcotics Anonymous and/or Alcoholic Anonymous classes twice weekly.

    Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release and/or Extend Term of Supervision.  The subject waives his right to a hearing and to assistance of counsel.  The U.S. Attorney's Office and the offender's counsel have been notified of the proposed modification and have no objections.

Respectfully submitted by,

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 3/23/2006

---

THE COURT ORDERS:

[✓]    The Modification of Conditions as Noted Above
[ ]    Other

SUSAN OKI MOLLWAY
U.S. District Judge
MAR 2 8 2006

Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ]  To extend the term of supervision for  years, for a total term of  years.
[✓]  To modify the conditions of supervision as follows:

**General Condition:** That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

**Special Condition No. 1:** That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

**Special Condition No. 3:** That the defendant shall participate in Narcotics Anonymous or Alcoholics Anonymous twice weekly during the term of supervised release.

Witness: _____  Signed: _____
DEREK M. KIM                                                        RHUDEL G. GASTON
Senior U.S. Probation Officer                              Supervised Releasee

3/14/06
Date